# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### February 7, 2013 Session

## HANNAH LEAH WADE v. MARK WADE

**Appeal from the Chancery Court for Roane County**
**No. 2011-88     Frank V. Williams, III, Chancellor**

**No. E2012-02612-COA-R3-CV-FILED-FEBRUARY 7, 2013**

The appellant ("Mother") appeals from an order of the trial court entered on November 27, 2012, which granted the counter-petition to alter or amend the parties' Permanent Parenting Plan and to relocate to Indiana filed by the appellee ("Father"). The November 27, 2012 order stated that "[a]ll other issues raised" in Mother's response in opposition to the petition to relocate and counter-petition to modify custody as well as Mother's initial Motion for Contempt were "reserved for further hearing." It is clear that the order appealed from does not resolve all issues raised in the proceedings below. As such, the order is not a final order and this appeal is dismissed for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CHARLES D. SUSANO, JR., P.J., D. MICHAEL SWINEY, AND JOHN W. MCCLARTY, JJ.

Hannah Leah Wade, Franklin, Tennessee, pro se.

Michael B. Menefee of Menefee & Brown, LLP, Knoxville, Tennessee, for the appellee.

**MEMORANDUM OPINION**[1]

The parties' were divorced on October 11, 2011. At the time of the divorce, Father lived with the parties' children in Alabama. Mother lived in Tennessee. Father was

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

designated the Primary Residential Parent of the parties' minor children in the Agreed Permanent Parenting Plan incorporated by reference into the final judgment of divorce.

By letter dated September 17, 2012, Father notified Mother in accordance with the Permanent Parenting Plan of his intent to relocate to Indiana in order to maintain his full-time employment with his employer. On October 1, 2012, Mother filed two pleadings in the original divorce case. The first pleading was a Motion for Contempt alleging various instances of non-compliance by Father with the terms of the Permanent Parenting Plan. The second pleading was entitled "Opposition to Motion for Relocation and Countermotion to Modify Custody." Father responded by filing a counter-petition to alter or amend the Permanent Parenting Plan and to allow Father to relocate to Indiana with the children.

The November 27, 2012 order from which Mother now appeals resolved only the relocation issue. The order also adopted a new Permanent Parenting Plan to accommodate Father's move to Indiana. However, as previously indicated, "[a]ll other issues raised" in Mother's response in opposition to Father's proposed relocation and her counter-petition to modify custody as well as her initial petition for contempt were "reserved for further hearing."

Before the record was transmitted for this appeal, Father filed a motion to dismiss alleging that the November 27, 2012 order was not a final judgment from which an appeal as of right would lie. The record was then transmitted to the appellate court clerk on January 23, 2013. A review of the record demonstrates that the motion to dismiss is well-taken.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Because the November 27, 2012 order "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties," Tenn. R. App. P. 3(a), it is not a final judgment. Therefore, Father's motion to dismiss is granted and this appeal is dismissed. Costs on appeal are taxed to Mother, for which execution may issue if necessary.

**PER CURIAM**